UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

ALJAH MARCEL REAVES, JR.,

Debtor.

Case No. 23-12045 (JNP)

Chapter 13

Judge: Jerrold N. Poslusny, Jr.

## MEMORANDUM DECISION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

The Court issued two separate Orders to Show Cause in this case (the "OSCs"). The first is somewhat typical and relates to the failure to file schedules, statements of financial affairs ("SOFAs"), and other documents that are supposed to be filed with the petition (the "First OSC"). Dkt. No. 7. The First OSC has not been satisfied because the missing documents were not filed within the time allowed under Bankruptcy Rule 1007(c), or the one-week extension granted by the Court at the hearing on April 4. The second OSC required the debtor to verify his social security number, to show cause why the case should not be dismissed, and to show cause why the debtor should not be held in contempt of Court (the "Second OSC"). Dkt. No. 8. The Court finds the factual background related to the Second OSC troubling.

Part of the reason for the Second OSC was that (despite the case supposedly being filed by Aljah Reaves, Jr. ("Reaves Jr.")), it appeared that the debtor in this case is actually Aljah Reaves, Sr. ("Reaves Sr.")[1], who has a long history before the Court. Reaves Sr. has filed fifteen bankruptcy

---

[1] In his previous case (Case No. 22-17408), Reaves Sr. filed under the name "Alijah M. Reaves." However, in each of his previous cases, Reaves Sr. filed under the name "Aljah M. Reaves." All of Reaves Sr.'s prior cases used the same social security number.

cases over the past twenty-two years. All fifteen of those cases have been closed without Reaves Sr. receiving a discharge. All but one of those cases was dismissed for one or more of the following reasons: failure to file a full petition including schedules or SOFAs; failure to pay Court fees; failure to make payments to the Chapter 13 Trustee (the "Trustee"); failure to cooperate and provide documents to the Trustee; or bad faith. All of Reaves Sr.'s previous cases were filed as Chapter 13 cases and the average length of each case was less than 60 days, a short lifespan for a Chapter 13 case.

Because of Reaves Sr.'s many filings, and repeated failure to comply with many of the most basic requirements of filing bankruptcy, this Court has barred Reaves Sr. from filing a petition seven times for either 180 days or two years. Reaves Sr. has violated those orders on several occasions. Since 2020, Reaves Sr. has filed for bankruptcy protection three times, two instances involved "bare-bones" petitions (lacking schedules or SOFAs), and all three were ultimately dismissed. The order dismissing Reaves Sr.'s most recent case barred him from filing another case for two years. That order was entered in December 2022.

On March 13, 2023, the present case was filed. Dkt. No. 1. Three days later the Court entered the Second OSC which scheduled a hearing for March 21. Dkt. No. 8. Although the petition states that the debtor is Reaves Jr., the Court had several concerns with the petition and whether the debtor was truly Reaves Sr., including that the photo identification provided with the petition was Reaves Sr.'s, and that the signature on the petition was a near match to those on other petitions filed by Reaves Sr. These facts, along with the fact that the social security number provided did not match Reaves Sr.'s social security number from his previous cases, concerned the Court whether Reaves Sr. filed a fraudulent petition in an attempt to side-step his two-year bar.

At the March 21 hearing, Reaves Sr. appeared and testified that he filed this case on behalf of his son, Reaves Jr., because Reaves Sr. was barred. He testified that Reaves Jr. offered to file his own bankruptcy to help his father avoid eviction because (according to Reaves Sr.) Reaves Jr. is also listed as a tenant on the lease for their residence.[2] Reaves Sr. further testified that the social security number on the current petition was Reaves Jr.'s. He testified that he filled out the entire petition and signed it on behalf of Reaves Jr., but mistakenly provided his identification instead of Reaves Jr.'s and signed the petition without realizing the potential punishment for signing another's name to the petition.

He also testified that Reaves Jr. had not taken a credit counselling class as required by section 109 of the Bankruptcy Code. Instead, Reaves Sr. testified that he had taken the class – nevertheless, Reaves Sr. attached it to the petition. He later changed his testimony and stated that Reaves Jr. had, in fact, taken a credit counseling class prior to filing this case.

At the conclusion of Reaves Sr.'s testimony, the Court adjourned the Second OSC to April 4, to allow Reaves Jr. an opportunity to appear. The Court also suggested that Reaves Sr. retain counsel and instructed him to advise Reaves Jr. to retain counsel.

Reaves Sr. and Reaves Jr. both appeared at the April 4 hearing, which was also the return date for the First OSC. Reaves Jr. informed the Court that he had met with an attorney. Although he stated that he had a hearing on April 5, it later became evident that he meant that he had a meeting scheduled with counsel on April 5. While the Court was asking questions of Reaves Jr., Reaves Sr. tried to answer for him and coached his son to the point that the Court had to direct

---

[2] A redacted copy of the Landlord Case Information Statement filed with the eviction complaint states that "Alijah Reaves and Aylia Reaves" are the tenants. Dkt. No. 13-2. Among the redactions was the tenants' phone number, which may have shown whether the "Alijah Reaves" listed was Aljah Reaves Sr. or Reaves Jr.

3

Reaves Sr. to remain silent and allow his son to answer questions himself. Reaves Jr. was hesitant to answer questions from the Court and his entire demeanor evidenced that he lacked any understanding of why he was appearing in Court or the significance of his name being used for the filing of this case.

Because Reaves Jr. was potentially going to retain counsel, the Court adjourned the hearing on the OSCs to April 11, with the consent of the United States Trustee (the "UST") and the Trustee, and instructed Reaves Sr. to produce a copy of the lease to the UST and the Trustee by April 7.

Reaves Jr. did not appear at the April 11 hearing, but Reaves Sr. did and he stated that Reaves Jr. was sick and unable to attend. The Trustee and the UST noted that they had not received a copy of the lease. The Court finds that Reaves Sr.'s failure to produce the lease is in effect an admission that he, not Reaves Jr., is a party to the lease.

Neither the UST nor the Trustee requested additional testimony from Reaves Sr. or any testimony from Reaves Jr., and instead presented argument. The UST and the Trustee alleged this case is in fact Reaves Sr.'s attempt to avoid eviction and was an abuse of the bankruptcy system with no intent to reorganize. They argued that the Court should dismiss this case and implement a temporary bar on both Reaves Jr. and Reaves Sr. After the Trustee's and UST's argument, Reaves Sr. stated that he did not dispute their allegations regarding his actions. At the end of the hearing, Reaves Sr. stated that his son never filed for bankruptcy and should not be subject to a bar.

Reaves Sr. was not credible. His claim that Reaves Jr. authorized the filing of the case was not believable, nor were his statements that Reaves Jr. completed credit counseling or that Reaves Jr. was a tenant under the lease. Perhaps Reaves Sr.'s only credible statement was his admission to the facts laid out by the Trustee and UST at the April 11 hearing.

The Court concludes that this case was filed by Reaves Sr. trying to make an end-run around his two-year bar. Further, based upon Reaves Sr.'s testimony and admission, as well as Reaves Jr.'s court appearance, the Court concludes that Reaves Jr. had little or no knowledge that his name had been used to file a bankruptcy petition.

At the conclusion of the April 11 hearing the Court issued an oral decision dismissing the case and imposing a two-year bar on Reaves Sr. but reserving on other issues. The Court also noted that this Memorandum Decision would follow. If there are any discrepancies between the oral decision and this Memorandum Decision, this Memorandum Decision controls.

## I.    Discussion

### A.    Reaves Jr.

Under section 1307(c) of the Bankruptcy Code, the Court "may dismiss a case under this chapter . . . for cause . . . ." 11 U.S.C. § 1307. This case was filed as a "bare-bones" petition, which prompted the First OSC. That OSC has not been satisfied, which by itself constitutes cause for dismissal. But there is other cause for dismissal.

This case was filed on March 13, 2023, naming Reaves Jr. as the debtor. However, when Reaves Jr. appeared at the April 4 hearing, it was obvious to the Court that he had no understanding of the bankruptcy process, and the Court questions whether Reaves Jr. had any knowledge the bankruptcy case had been filed, or why he was appearing in court. The Court reaches this conclusion because Reaves Jr. appeared utterly confused when he attempted to answer the Court's questions. His tone, voice, body language, and facial expressions cemented to the Court that Reaves Jr. did not appreciate why he was appearing in Court or the potential consequences. On several occasions Reaves Jr. was unable to answer the Court's questions (likely because he truly did not know the answers), which led to Reaves Sr.'s attempts to coach his son.

5

For these reasons, the Court finds additional cause to dismiss the case. However, the Court will not bar Reaves Jr. from filing future petitions.

Section 349(a) of the Bankruptcy Code states:

> <u>Unless the court, for cause, orders otherwise</u>, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a) (emphasis added). Among the reasons for cause is a debtor's repeated bad faith filings. See In re Casse, 198 F.3d 327, 336 (2d Cir. 1999).

Based upon the record, the Court does not find cause to bar Reaves Jr. from filing future cases because the Court cannot determine that Reaves Jr. acted in bad faith. As discussed above, the record in this case indicates that Reaves Jr. had little, if any, knowledge of the filing of the case. Therefore, the Court will not bar Reaves Jr. from filing another case.

At the conclusion of the April 11 hearing, the Trustee requested that the Court grant two protections if the Court did not bar Reaves Jr. from future filings and he files another case. The Trustee requested that in any future case by Reaves Jr., he be required to attend his meeting of creditors in person and that Reaves Sr. be barred from attending the meeting of creditors.

This request was essentially made pursuant to section 105(a) of the Bankruptcy Code, which provides "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction . . . . Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief." Casse, 198 F.3d at 336 (citation omitted). See also In

6

re Continental Airlines, 203 F.3d 203, 208 (3d Cir. 2000) ("Section 105(a) authorizes courts to take actions 'necessary or appropriate' to carry out the provisions of Title 11 of the United States Code.").

The Court finds cause under section 105(a) to partially grant the Trustee's requests. If Reaves Jr. files a case within two years, the Trustee may, in her discretion, require Reaves Jr. to attend the meeting of creditors in person. However, the Trustee's request to exclude Reaves Sr. from the meeting of creditors is denied, without prejudice. If Reaves Jr. files a case within two years, the Trustee may file a motion to exclude Reaves Sr. from the meeting of creditors.

### B. Reaves Sr.

Based on Reaves Sr.'s contemptable conduct surrounding the filing of this bankruptcy case, the Court finds it appropriate to implement a two-year bar on Reaves Sr. filing a bankruptcy petition, and because of his failure to adhere to the two-year ban imposed in his last case and bars issued in past cases, the bar will include an instruction to the Clerk's Office to not accept any bankruptcy petitions from Reaves Sr. without prior permission from the Court.

In situations where debtors and relatives with a common interest in protecting property habitually submit bad faith filings for bankruptcy protection, courts have dismissed those cases for the same underlying reason and highlight the court's ability to bind all related parties, even those not before the court when such a scheme is present. In re Joobeen, 2008 WL 1990782 (Bankr. E.D. Pa. 2008) (transfer of property and filing of a petition as guardian for a minor child was an attempt to use the child as a strawman to halt foreclosure proceedings); In re Selinsky, 365 B.R. 260 (Bankr. S.D. Fla. 2007) (actions of each family member can be imputed on the rest of the family due to unity of interest and concert of action); In re Kinney, 51 B.R. 840 (Bankr. C.D. Cal 1985)

7

(fraudulent scheme occurred when several adult family members filed for bankruptcy protection ten times in two years to protect a single property).

Reaves Sr.'s most recent case was dismissed in December 2022 with a two-year bar from filing another bankruptcy petition. Even though this case was filed in Reaves Jr.'s name, the Court finds that the filing can be imputed on Reaves Sr.'s previous conduct in attempting to protect the residence. Reaves Sr. was the one who filled out the petition in Reaves Jr.'s name. Reaves Sr. also appeared at all three hearings and ultimately admitted that the purpose for filing was to stay an eviction. Reaves Sr. even admitted that this is his case, and that his son had never filed for bankruptcy. Therefore, filing this case violated this Court's two-year bar on Reaves Sr.

Further, in a similar situation to Reaves Sr., the court in In re Meltzer dismissed a debtor's Chapter 13 case and enjoined the debtor from filing another bankruptcy case for 180 days after the debtor continuously used the bankruptcy system to prevent a creditor from enforcing its judgment of foreclosure and sale. In re Meltzer, 2020 WL 129441 (Bankr. W.D.N.Y. 2020). The court in Meltzer found that the debtor abused the bankruptcy system by failing to file schedules, SOFAs, and a Chapter 13 plan, and failing to commence making payments required under section 1326 of the Bankruptcy Code. Id. at *3. The court stated, "[w]hile there is no per se prohibition against serial filings of petitions in bankruptcy, a finding of fact by the bankruptcy court that a debtor is acting in bad faith . . . is 'cause' to dismiss a bankruptcy case." Id. at *1. The court dismissed the Chapter 13 case based on the debtor's lack of intent or ability to reorganize and directed the Clerk of Court to reject any petition tendered by the debtor in violation of the court's order. Id. at *4.

The Court issued a bar in Reaves Sr.'s last case because of Reaves Sr.'s continuous filings, the lack of good faith portrayed in his bare-bones petitions, and repeated failure to make payments to the Trustee. Reaves Sr.'s utter lack of intention to reorganize under Chapter 13 alone would be

sufficient for this Court to take similar action to the court in Meltzer. But Reaves Sr.'s actions in filing this case, along with his admission that filing under Reaves Jr.'s name was an attempt by Reaves Sr. to side-step his two-year bar, constitutes bad faith beyond that in Meltzer. Therefore, the Court finds it appropriate to take similar action as the court in Meltzer and bar Reaves Sr. in a more restrictive manner than in prior orders.

Therefore, the Court will instruct the Clerk of Court to reject any bankruptcy petition tendered by Reaves Sr. in violation of this Court's Order for two years, unless he first obtains permission from the Court to file such petition. The Court will further order that this decision and accompanying order be placed in Reaves Sr.'s previous case (Case No. 22-17408).

## II.    Conclusion

Because Reaves Jr. failed to satisfy the First OSC, and because this filing was actually an attempt by Reaves Sr. to side-step his two-year bar, the case is dismissed. However, because Reaves Jr. lacked a true understanding of the filing of this case, the Court will not implement a bar on Reaves Jr. Regarding Reaves Sr.'s actions in this case and his history in bankruptcy, the Court instructs the Clerk of Court to reject any bankruptcy petition filed by Reaves Sr. without prior Court permission.

Dated: April 28, 2023

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE